UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
DOUGLAS HOWARD, :
:
               Plaintiff, :    12 Civ. 933 (JMF)
:
     -v- :    MEMORANDUM OPINION
:    AND ORDER
CITY OF NEW YORK, et al., :
:
               Defendants. :
:
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      On January 2, 2013, non-party Carlos Ruiz, proceeding *pro se*, filed a motion to quash (1) a subpoena that Plaintiff served on him for deposition testimony and various materials; and (2) a subpoena duces tecum that Plaintiff served on the Manhattan District Attorney's Office seeking records concerning Mr. Ruiz's May 13, 2009 arrest and non-prosecution. (Docket No. 21). On January 7, 2013, the parties made submissions in response to Mr. Ruiz's motion: Plaintiff, naturally, opposes the motion (Docket No. 27); Defendants support it (Docket No. 28). (By letter dated January 10, 2013, the District Attorney's Office advised the Court that it takes no position on the motion, except to state that unsealing arrest records "could constitute an unwarranted invasion" of privacy and that "unsealing the file in a case like this . . . could have a chilling effect upon citizens' willingness to make complaints to the police." (Docket No. 37)).

      Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, a party may obtain discovery "that is relevant to any party's claim or defense" and that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Pursuant to Rule 45, a party may serve a subpoena on a non-party, although a non-party to whom a subpoena is addressed may object to the subpoena. *See* Fed. R. Civ. P.

45(c)(2). Under Rule 45(c)(3), the Court "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies; or . . . subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3). "Motions to compel and motions to quash a subpoena are both entrusted to the sound discretion of the court." *Fitch, Inc. v. UBS Painewebber, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (internal quotation marks omitted).

Applying these provisions and standards here, the Court concludes that there is no basis to grant Mr. Ruiz's motion to quash the subpoena seeking his deposition testimony and materials. Plaintiff alleges in his complaint that Parks Department officials discriminated against him on the basis of race in the performance and enforcement of his contract with the City to provide tennis lessons in East River Park. (Compl. ¶¶ 1, 25 (Docket No. 1)). A central aspect of his claim is that Defendants granted preferential treatment to Mr. Ruiz, "a Hispanic individual," on the basis of his race — specifically, that Defendant Garnes and her staff allowed and enabled Mr. Ruiz to give lessons in East River Park in violation of applicable rules and regulations; failed to act on Plaintiff's complaints about Mr. Ruiz; and gave false information to the police about an altercation between Plaintiff and Mr. Ruiz that resulted in Plaintiff's arrest. (Compl. ¶¶ 27-49). In light of these allegations, the Court finds that Mr. Ruiz's testimony and the materials sought in the subpoena served upon him are plainly "relevant" to Plaintiff's claims and that the subpoena does not impose an "undue burden" on Mr. Ruiz. Fed. R. Civ. P. 26(b)(1), 45(c)(3).

Mr. Ruiz's claim — adamantly denied by Plaintiff (Docket No. 26) — that the subpoena is "a continuation of [Plaintiff's] relentless four year campaign to discredit [him], malign [him] and harass [him]" does not call for a different result. (Mot. to Quash 2). Nevertheless, out of an abundance of caution, the Court orders that the deposition of Mr. Ruiz shall take place at the United States Courthouse, 500 Pearl Street, New York, NY 10007, under the supervision of Magistrate Judge James C. Francis IV. (By separate order, the Court is referring this matter to Magistrate

2

Judge Francis for that purpose.) Plaintiff's counsel shall promptly make the necessary arrangements with the Chambers of Magistrate Judge Francis, defense counsel, and Mr. Ruiz. Notwithstanding defense counsel's request (Docket No. 28, ¶ 8), the Court declines to limit the scope of Mr. Ruiz's deposition to any particular topic; in the event there is a dispute regarding the scope of the deposition, or any particular questions posed to Mr. Ruiz, such dispute can be raised with Magistrate Judge Francis or the Court during the deposition.

Mr. Ruiz's motion to quash the subpoena to the District Attorney's Office presents a closer question because the arrest records Plaintiff seeks are sealed pursuant to N.Y. C.P.L. Section 160.50, but it too must be denied. It is well established "that New York State law does not govern discoverability and confidentiality in federal civil rights actions." *Cruz v. Kennedy*, No. 97 Civ. 4001 (KMW), 1997 WL 839483, at *1 (S.D.N.Y. Dec. 19, 1997) (citing *King v. Conde*, 121 F.R.D. 180, 187 (E.D.N.Y. 1988)); *accord MacNamara v. City of N.Y.*, No. 04 Civ. 9612 (KMK) (JCF), 2006 WL 3298911, at *2-4 (S.D.N.Y. Nov. 13, 2006) (Francis, M.J.); *Woodard v. City of N.Y.*, No. 99 Civ. 1123 (ILG), 2000 WL 516890, at *3 (E.D.N.Y. Mar. 10, 2000); *Daniels v. City of N.Y.*, No. 99 Civ. 1695 (SAS), 2001 WL 228091, at *1 (S.D.N.Y. Mar. 8, 2001). More specifically, this Court has held that the privilege created by Section 160.50 "must be construed narrowly, 'and must yield when outweighed by a federal interest in presenting relevant information to a trier of fact.'" *Daniels*, 2001 WL 228091, at *1 (quoting *United States v. One Parcel of Property at 31-33 York Street*, 930 F.2d 139, 141 (2d Cir. 1991)). In particular, the Court's task is to "balance the deference to be accorded [the privilege created by Section 160.50] with the need for the information sought to be protected by the privilege." *Id.* (citing *Burka v. N.Y.C. Transit Auth.*, 110 F.R.D. 660, 664 (S.D.N.Y. 1986). Applying that balancing test, "federal courts . . . have commonly rejected confidentiality arguments premised on [Section 160.50]." *Haus v. City of N.Y.*, No. 03 Civ. 4915 (RWS) (MHD), 2006 WL 1148680, at *3 (S.D.N.Y. Apr. 24, 2006) (citing cases).

Applying that balancing test here, the Court finds that unsealing and disclosure is warranted. The "overriding aim" of the sealing requirement of Section 160.50 is "to ensure confidentiality for people who are arrested and thereby to avoid attaching any public stigma to them." *Haus*, 2006 WL 1148680, at *2 (citing *Harper v. Angiolillo*, 89 N.Y.2d 761, 766 (1997)). In this case, however, that interest is weak, as the fact of Mr. Ruiz's arrest is already a matter of public record by virtue of Plaintiff's complaint and the present motion. Further, the District Attorney's Office's concern — "that unsealing the file in a case like this, where Carlos Ruiz was actually a complaining witness against [Plaintiff], could have a chilling effect upon citizens' willingness to make complaints to the police" (Docket No. 37) — does not militate strongly against disclosure, as Mr. Ruiz's identity and the fact that he complained to the police are already known to Plaintiff. On the flip side, given the allegations in the Complaint relating to the altercation between Plaintiff and Mr. Ruiz and their arrests, Mr. Ruiz's arrest records may well lead to the discovery of admissible evidence, including the identity of the Parks Department officials, if any, who supported Mr. Ruiz's version of the events resulting in Plaintiff's arrest (and, by extension, termination of his contract with the City). Under the circumstances, therefore, Section 160.50 must yield to "the federal interest in presenting relevant information to a trier of fact." *Daniels*, 2001 WL 228091, at *1 (internal quotation marks omitted).

Moreover, the burden on Mr. Ruiz's legitimate privacy interests can be further minimized by a protective order designating the unsealed records as "attorney's-eyes-only" and restricting use of the documents to this litigation. *See MacNamara*, 2006 WL 3298911, at *4 (granting a motion to unseal the arrest records of non-parties sealed pursuant to Section 160.50 and designating them "attorney's-eyes-only" to minimize "the burden on the legitimate privacy interests of the non-party . . . arrestees"). Accordingly, the Court hereby orders that the records relating to Mr. Ruiz's May 13, 2009 arrest shall be unsealed for the limited purpose of disclosing them to counsel in this case.

4

*See, e.g., Cruz*, 1997 WL 839483, at *2 (stating that where, as in this case, a plaintiff has issued a subpoena to the District Attorney's Office and the District Attorney's Office has objected, "it is within the power of this Court to issue an order compelling production"). Defense counsel shall take whatever steps are necessary to obtain the documents and shall disclose them to Plaintiff's counsel no later than January 25, 2013. Unless and until the Court orders otherwise, the records shall be designated as "attorney's-eyes-only" — meaning that Plaintiff's counsel may not show them to anyone outside of his office, *including Plaintiff himself* — and their use is limited to this litigation.

For the foregoing reasons, Mr. Ruiz's motion to quash is DENIED. Further, Plaintiff's counsel is hereby ordered to this serve this Memorandum Opinion and Order on Mr. Ruiz by email at empanadasba@gmail.com and by certified mail, return receipt, and to file proof of such service promptly thereafter. In addition, unless Mr. Ruiz confirms by e-mail that he received the Memorandum Opinion and Order, Plaintiff's counsel must call Mr. Ruiz to confirm he received it. Defense counsel is hereby ordered to send a copy of this Memorandum Opinion and Order to Assistant District Attorney Sarah Hines.

The Clerk of Court is directed to terminate Mr. Ruiz's motion (Docket No. 21).

SO ORDERED.

Dated: January 16, 2013
New York, New York

JESSE M. FURMAN
United States District Judge

5