USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/06/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
DOUGLAS HOWARD, :
:
                       Plaintiff, :      12 Civ. 933 (JMF)
:
     -v- :      ORDER PARTIALLY
:      ADOPTING REPORT AND
CITY OF NEW YORK, et al., :      <u>RECOMMENDATION</u>
:
                       Defendants. :
:
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Defendants' motion for summary judgment was referred to Magistrate Judge James C. Francis IV for a Report and Recommendation ("R&R"). In the resulting R&R, filed on July 3, 2013 (Docket No. 72), Magistrate Judge Francis recommended that the motion for summary judgment be granted and that Plaintiff's case be dismissed.[1]

       After a review of the entire record, this Court concludes that the recommendation is correct and adopts it for the reasons that follow. In short, Plaintiff has failed to adduce sufficient evidence to make out a *prima facie* case of discrimination in violation of the Equal Protection Clause. Because such a showing is a threshold issue in pursuing an equal-protection claim, Plaintiff's discrimination claims fail. Additionally, the speech Plaintiff claims he was retaliated against for making was not of public concern because it was plainly motivated by his personal relationship with other tennis players and employees rather than by any broader public purpose. As a showing that speech is on a matter of public concern is a necessary requirement for a

---

[1] As noted in the R&R, Plaintiff has withdrawn all claims against Defendant Adrian Benepe, former Commissioner of the New York City Department of Parks and Recreation. (R&R at 1 n.1).

successful First Amendment retaliation claim, Plaintiff's claim fails as a result.  Finally, Plaintiff's remaining objections are without merit for the reasons discussed below.

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  To accept those portions of the report to which no objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record.  *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments.  *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

Plaintiff files what he styles twenty-two objections to Magistrate Judge Francis's R&R.  (Pl.'s Objections Magistrate Judge's R&R Def.'s Mot. Summ. J. (Docket No. 73)).  Many of these arguments, however, are either overly general or represent attempts to rehash arguments he made in his original opposition to the motion for summary judgment.  (*See, e.g.*, *id.* ¶ 1).  In accordance with the standard of review recited above, the Court has reviewed these objections only for clear error.  In any event, the Court has independently reviewed the motion *de novo* in its entirety and would accept Magistrate Judge Francis's recommendation even under that standard.

**A.     General Objections**

Plaintiff's first objection is that the R&R relies on Defendants' account of contested facts and fails to incorporate Plaintiff's evidence, which is more favorable.  (*See* Mem. Law Supp.

Pl.'s Objections Report and Recommendation Magistrate Judge (Docket No. 74) ("Objections") ¶¶ 1, 6, 12). But Magistrate Judge Francis gave a reason for not relying on Plaintiff's own declarations at the summary judgment stage: They failed to provide any basis on which to assess how Mr. Howard had personal knowledge of the facts in question. (R&R at 21.) Reviewing the R&R's decision not to rely on those portions of Mr. Howard's declaration for which he does not purport to have personal knowledge *de novo* reveals no error, and that portion of the R&R is adopted in its entirety.

Second, Plaintiff objects to the fact that the R&R disregards evidence cited in Plaintiff's Local Rule 56.1 statement on the ground that it is hearsay. (Objections ¶ 2).[2] To support this objection, Plaintiff notes that the 2010 amendments to Federal Rule of Civil Procedure 56 added a provision formally authorizing parties to object to facts not supported by admissible evidence. (*Id.*). But the fact that the new Rule 56 allows for such objections does not preclude courts from independently declining to rely on inadmissible evidence, and the Second Circuit continues to approve of district court decisions doing so. *See G.I. Home Developing Corp. v. Weis*, No. 07 Civ. 4115 (DRH), 2011 WL 4434223, at *11 (E.D.N.Y. Sept. 22, 2011), *aff'd* 499 F. App'x 87, 90 (2d Cir. 2012) (summary order). Moreover, the Advisory Committee's notes to the 2010 amendments to Rule 56 explicitly state that "[t]he standard for granting summary judgment remains unchanged" and that "[t]he amendments will not affect continuing development of the

---

[2] In his seventh objection, Plaintiff challenges the R&R's failure to consider, on hearsay grounds, statements by one of the individual Defendants and a City employee. (Objections ¶¶ 7, 9). Plaintiff is correct that such statements do not constitute hearsay. *See* Fed. R. Evid. 801(d)(2). This Court has considered the statements at issue, however, and concludes that they do not affect the outcome of the case. Nevertheless, the Court declines to adopt these portions of the R&R. Plaintiff further objects — on the grounds that it is hearsay — to the R&R's reliance on an email sent by Defendant Garnes to Defendant, in which Ms. Garnes stated that she did not have a key to the storage area. (Objections ¶ 8). This Court does not adopt that portion of the R&R either, and has not relied on Ms. Garnes's email in any way.

decisional law construing and applying these phrases." Fed. R. Civ. P. 56 advisory committee's notes. Accordingly, Plaintiff's objection is without merit.

**B.      Equal Protection Objections**

Next, Plaintiff objects to the R&R's recommendation that his claims pursuant to Title 42, United States Code, Section 1981 be dismissed on the ground that they are duplicative of his claims pursuant to Section 1983. (Objections ¶ 3). But because Plaintiff does not put forward any claims under Section 1981 that he does not also put forward under Section 1983 (*see* Objections 5 n.1), and because Plaintiff's Section 1983 claims ultimately lack merit, this Court need not decide the question (which arguably remains open in this Circuit) whether independent recovery is available under Section 1981 against state actors. *Compare Whaley v. City of Univ. of N.Y.*, 555 F. Supp. 2d 381, 401 (S.D.N.Y. 2008) (noting that "[t]he Second Circuit has not yet ruled on" the issue of whether Section 1981 as amended contains an implied private right of action against state actors), *with Gladwin v. Pozzi*, 403 F. App'x 603 (2d Cir. 2010) (summary order) ("[Plaintiff's] § 1981 claims are encompassed by her § 1983 claims, and both are therefore analyzed under § 1983.").

Plaintiff next objects to the R&R's reliance on comparator analysis in deciding his Section 1983 equal-protection claim. (Objections ¶¶ 5, 10). Plaintiff, however, has failed to make out a *prima facie* case that the adverse treatment he suffered was *because of* his race, as required to maintain an equal-protection claim. *See, e.g.*, Hayes v. Cablevision Sys. N.Y.C. Corp., 07 Civ. 2438 (RRM), 2012 WL 1106850, at *10 (E.D.N.Y. Mar. 31, 2012) (noting that equal protection claims address only "conduct motivated (a) by animus toward[] members of a protected class and (b) because of the victim's protected characteristics" rather than "instances of generally poor behavior, personal animosity or even unfair treatment" (internal quotation marks

omitted)). His evidence that he was adversely treated because of his race amounts to: (1) a single racially motivated comment uttered by a non-decisionmaker and (2) the fact that the decisionmaker is black and he is white. (*See* R&R 23-24 n.8; *accord* Objections ¶ 11-12 (failing to identify other discrete facts that would give rise to an inference of discrimination on the basis of race)). Because of this failure, Plaintiff has failed to adduce sufficient evidence to support his equal-protection claims. *See Cabrera v. NYC*, 436 F. Supp. 2d 635, 643 (S.D.N.Y. 2006) (reciting that a plaintiff must show that adverse treatment occurred in circumstances giving rise to an inference of discrimination in order to make out a *prima facie* case under the *McDonnell-Douglas* framework); *Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 56 (2d Cir. 1998) ("[S]tray remarks, even if made by a decisionmaker, do not constitute sufficient evidence to make out a case of employment discrimination."); *Johnson v. City of New York*, 669 F. Supp. 2d 444, 450 (S.D.N.Y. 2009) ("The mere fact that plaintiff and defendants are of different races, standing alone, is simply insufficient . . . .").

**C.     Retaliation Objections**

Plaintiff further objects to the R&R's treatment of his retaliation claims. Plaintiff argues that the R&R's decision to treat the retaliation claims as arising under the First Amendment, as opposed to Section 1981, was erroneous. (Objections ¶ 13). As noted above, however, this Court declines to express a view on whether Section 1981 claims that are duplicative of Section 1983 claims should be dismissed because it is unnecessary to do so. As Plaintiff himself notes, the standards for analyzing retaliation claims under the First Amendment and under Section 1981 are "essentially the same." (Pl.'s Opp'n Br. (Docket No. 65) 8).

More significantly, Plaintiff argues that the R&R incorrectly concluded that his statements alleging discrimination on the part of Parks Department employees were not of public

concern in the First Amendment sense. (Objections ¶ 14). This is a threshold legal issue because, as the R&R carefully and correctly set out, an employee or contractor must show that his speech was on a matter of public concern in order to make out a First Amendment (or indeed, Section 1981) retaliation claim. *See Johnson v. Ganim*, 342 F.3d 105, 112 (2d Cir. 2003); *accord Dillon v. Suffolk Cnty. Dep't of Health Servs.*, 917 F. Supp. 2d 196, 204 (E.D.N.Y. 2013). Plaintiff's speech was not on a matter of public concern.

As the R&R correctly stated, a matter is of public concern if it "relates to any matter of political, social, or other concern to the community." *Singer v. Ferro*, 711 F.3d 334, 339 (2d Cir. 2013) (internal quotation marks and alterations omitted). Speech that is "calculated to redress personal grievances," as opposed to speech that "ha[s] a broader public purpose," is less likely to be considered of public concern. *Id.* (internal quotation marks omitted). In this case, the R&R carefully laid out the reasons why Plaintiff's speech was motivated by his personal relationship with Mr. Ruiz and grievances with respect to his workplace conditions rather than by a public-spirited concern for the good of the tennis-playing community of lower Manhattan. Accordingly, this Court adopts the R&R's conclusion that Plaintiff's speech was not on a matter of public concern. Because this issue is sufficient to dispose of Plaintiff's retaliation claims, his objections regarding (1) whether Defendants would have taken the same action in the absence of retaliatory intent (Objections ¶ 15) and (2) pretext (Objections ¶¶ 16-21), are moot.

**D.     Plaintiff's *Monell* Claims**

Finally, Plaintiff objects to the R&R's conclusion that he has failed to make out a case of municipal liability under the standards set forth in *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1977), on the grounds that he had failed to allege a constitutional violation by any *individual* municipal employee. (Objections ¶ 22). As the Court

adopts the R&R's conclusion that Plaintiff has failed to adduce sufficient evidence to prove that such a violation in fact occurred, however, this objection is without merit. *See, e.g.*, *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983) ("[T]o hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove . . . a denial of a constitutional right.")

## CONCLUSION

For the foregoing reasons, the R&R's ultimate recommendation is accepted and Defendants' motion for summary judgment is GRANTED.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: January 6, 2014
New York, New York

_____
JESSE M. FURMAN
United States District Judge